United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kens Carter Jeancharles, Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| Eric Augustus, and James Gibbons, and the City of Hollywood, Defendants | ) Civil Action No. 13-60723-Civ-Scola<br>)<br>)<br>) |
| Lucmany Andre, Plaintiff | )<br>)<br>) |
| v. | )<br>) (Consolidated Case No. 13-60729)<br>) |
| James Gibbons, and the City of Hollywood, Defendants | )<br>) |

**Order On The Parties' Motions For Summary Judgment**

This lawsuit started with a fight at a nightclub. A bouncer at Club Atrium, in Fort Lauderdale, Florida, threw one of the Plaintiffs' friends out of the Club. One of the Plaintiffs, Lucmany Andre, went to his car to get his gun. He had a valid concealed-weapons permit, and was a member of the United States Navy. Officer James Gibbons, a member of the City of Hollywood Police Department, who had been working a detail at the Club that night, stopped Andre while he was walking in front of the Club toward a group of his friends in the parking lot. Gibbons searched him, seized his weapon, and placed him under arrest. Later, Gibbons and his supervisor, Officer Eric Augustus, engaged the other Plaintiff, Kens Carter Jeancharles, who is also a member of the United States Navy. The details of this interaction vary greatly, depending on which party is telling the story, but ultimately the Officers handcuffed Jeancharles, searched him, and seized and searched his mobile phone and wallet. The Officers released Jeancharles after leaving him handcuffed on the ground for over an hour. The Officers arrested Andre and took him to jail that night.

The Court consolidated these civil-rights cases for discovery and trial. The parties have moved for summary judgment on several, but not all, of the claims. For the reasons explained in this Order, the Court denies summary judgment on most of the claims because the parties dispute most of the material facts. The Court is able to grant summary judgment in favor of Andre on one of Gibbons's affirmative defenses.

Since there are two consolidated cases here, involving multiple claims, multiple plaintiffs, and multiple defendants, the Court provides this chart for clarity:

| Plaintiff Moving for Summary Judgment | Plaintiff | Defendant | Cause of Action & Claim Number | Defendants Moving for Summary Judgment |
|---|---|---|---|---|
| No | Andre | Gibbons | false-arrest claim under 28 U.S.C. § 1983 (Count 1) | No |
| **Yes** | Andre | City of Hollywood | false-arrest claim under Florida state law (Count 2) | No |
| **Yes** | Andre | Gibbons | false-arrest claim under Florida state law (Count 3) | **Yes** |
| No | Jeancharles | Augustus | unlawful detention under 28 U.S.C. § 1983 (Count 1) | **Yes** |
| No | Jeancharles | Augustus | unlawful search under 28 U.S.C. § 1983 (Count 2) | **Yes** |
| No | Jeancharles | Gibbons | unlawful search under 28 U.S.C. § 1983 (Count 3) | **Yes** |
| No | Jeancharles | Gibbons | unlawful detention under 28 U.S.C. § 1983 (Count 4) | **Yes** |
| No | Jeancharles | City of Hollywood | unlawful detention under 28 U.S.C. § 1983 (Count 5) | No |
| No | Jeancharles | Augustus | false-arrest claim under Florida state law (Count 6) | **Yes** |

**1. Cross Motions For Summary Judgment Regarding Andre's Claims**

Andre and Gibbons are both asking for summary judgment on Andre's state-law claims for false arrest. Specifically, they are seeking a judgment on the limited issue of whether Gibbons had probable cause to arrest Andre. In other words, Andre is asserting that accepting all the existing facts as true, no reasonable jury could find that Gibbons had probable cause to arrest him. *See Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Gibbons asserts the opposite is true. Since only the state-law claims are at issue, this Court applies Florida law. *See Flava Works, Inc. v. City of Miami, Fla.*, 609 F.3d 1233, 1237 (11th Cir. 2010).

The Court cannot grant summary judgment (for either party) on the issue of whether Gibbons had probable cause to arrest Andre for carrying a concealed weapon without a valid permit. Under Florida law, probable cause exists if reasonably trustworthy facts and circumstances within the officer's

knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been, or is being, committed. *Florida v. Betz*, 815 So. 2d 627, 633 (Fla. 2002). Gibbons arrested Andre for carrying a concealed weapon without a valid permit, in violation of Florida Statute Section 790.01(2). (Defs.' Stmt. Facts ¶48, ECF No. 44.) Andre contends that since he produced a valid concealed-weapons permit (from Virginia), Gibbons lacked probable cause to arrest him for violating Section 790.01(2). (Pl.'s Mot. Summ. J. 12, ECF No. 47.) Andre cites the testimony of Augustus (Gibbons's supervisor) that the officers knew that Andre's concealed weapons permit was valid. (*See* Augustus Dep. 53:10–16, Nov. 25, 2013, ECF No. 60-2.) But Gibbons testified that he was not able to verify whether the Virginia concealed-weapons permit was real or valid. (Gibbons Dep. 73:4–74:12, Nov. 20, 2013, ECF No. 42-1.)

Since there is conflicting testimony on this issue, the Court cannot grant summary judgment on this point. Based on the facts and circumstances that Gibbons testified to (*i.e.*, Andre had a concealed weapon without a verifiable permit) a reasonable person would believe that Section 790.01(2) had been violated. Alternatively, a jury may be persuaded by the testimony from Augustus that the officers knew that Andre's concealed weapons permit was valid. Since there is disputed evidence on this issue, the Court will not enter summary judgment on Gibbons's (and the City of Hollywood's) probable-cause affirmative defense as it relates to Gibbons's arrest of Andre for the violation of Florida Statue Section 790.01(2), relative to Andre's state-law claims for false arrest.

Andre and Gibbons also ask for summary judgment on Gibbons's alternative reasons for the arrest. Those reasons were, first that Andre did not have his concealed-weapon permit on him (it was in his car), and second that Andre was unlawfully carrying a concealed weapon "at a place that distributes alcohol." (Gibbons Dep. 78:14–79:3.) The Court will not enter summary judgment on the first alternative reason, but will grant summary judgment on the second.

The Court cannot grant summary judgment on the issue of whether Gibbons lacked probable cause to arrest Andre for not having his concealed-weapon permit on him, under Florida Statute Section 790.06(1). That Section states that a person licensed to carry a concealed weapon "must carry the license, together with valid identification" whenever the person has the weapon. But a violation of Section 790.06(1) only constitutes a "noncriminal violation." Fla. Stat. § 790.06(1) (2013). To decide this issue, the Court must determine if a noncriminal violation is an arrestable offense under Florida law. There is some indication that it may not be. *See Thomas v. Florida*, 614 So. 2d 468, 471 (Fla. 1993). But the parties have not adequately briefed this issue. (*See*

Defs.' Mot. Summ. J. 6, ECF No. 45 (providing no case law for the proposition that a person's failure to have his concealed-weapons permit on him is an arrestable offense); Defs.' Reply 2, ECF No. 74 (same); Pl.'s Mot. Summ. J. 10–11, ECF No. 47 (same); Pl.'s Reply 2–3, 3 n.3, ECF No. 78 (providing a single, irrelevant, federal case).)  The Court will not decide an issue the parties have not fully put before it.  *Cf. Carducci v. Regan,* 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.").

The Court can grant summary judgment on the probable-cause affirmative defense regarding Gibbons's second alternative reason for arresting Andre, namely for carrying a concealed weapon at a place that distributes alcohol.  Under Florida law, it is unlawful for a person with a valid concealed-weapons permit to carry a concealed weapon on "[a]ny portion of an establishment licensed to dispense alcoholic beverages for consumption on the premises, which portion of the establishment is primarily devoted to such purpose."  Fla. Stat. § 790.06(12)(a)(12).  Gibbons has admitted that the parking lot of the club where he arrested Andre was not primarily devoted to dispensing alcoholic beverages. (*Compare* Andre's Stmt. Facts ¶¶52–53, ECF No. 46 *with* Defs.' Resp. ¶¶52–53, ECF No. 72.)  Since Florida law only prohibits the (otherwise valid) carrying of a concealed weapon on portions of alcoholic-beverage-dispensing establishments that are primarily devoted to dispensing alcohol, then no reasonable person with the facts and circumstances known to Gibbons at the time of Andre's arrest would have believed that Andre was violating Florida Statute Section 790.06(12)(a)(12). Summary judgment will be entered in favor of Andre, and against Gibbons and the City of Hollywood on the probable-cause affirmative defense as it relates to Gibbons's alternative reason for Andre's arrest (*i.e.*, violation of Florida Statue Section 790.06(12)(a)(12)), relative to counts 1 and 2 of Andre's First Amended Complaint (state-law claims for false arrest).  (Inexplicably, the City of Hollowood, never filed a response to Andre's summary-judgment motion.  In failing to oppose the motion, it forfeited any arguments that it may have had in opposition.)

Finally, the Court cannot enter summary judgment on Gibbons's qualified-immunity defense because Gibbons has only asserted the defense with respect to Andre's state-law claim for false arrest. (Defs.' Mot. Summ. J. 2, 11, ECF No. 45.)  The defense of qualified immunity does not apply to suits gtggoverned by state law.  *Heggs v. Grant,* 73 F.3d 317, 320 n.5 (11th Cir. 1996).  Qualified immunity is a federal concept that applies only to federal claims brought under Section 1983.  *See, e.g., Brown v. City of Huntsville, Ala.,*

608 F.3d 724, 740 (11th Cir. 2010) (applying federal-qualified-immunity law to the plaintiff's claims under Section 1983, then applying state-law-immunity principles to the plaintiff's state-law claims).

### 2. The Officers' Motion For Summary Judgment Regarding Jeancharles's Claims

The Court cannot grant Augustus's and Gibbons's summary-judgment motion on Jeancharles's claims, because there are genuine issues over several material facts. In fact, there are considerable and significant factual disputes. (*Compare* Defs.' Stmt. Facts ¶¶50–74, ECF No. 44 *with* Pls.' Resp. ¶¶50-74, ECF No. 64.) For example, according to Augustus and Gibbons, Jeancharles was being loud and obnoxious, yelling and screaming at Gibbons. Augustus observed Jeancharles in a standoff with Gibbons. Augustus asked Jeancharles to sit down and he refused. Augustus asked him for identification, and he refused again. Augustus asked him if he had a gun on him and Jeancharles told him that it was none of his business. But Jeancharles denies that any of those things ever happened. (*See* Jeancharles Dep. 28–37, Dec. 23, 2013, ECF No. 88-1; *accord* Jeancharles Aff. ¶¶2–6, ECF No. 64-1.) This is not a close call. And this is not a situation where summary judgment can be granted. In fact, the Court must remind counsel for Augustus and Gibbons that Federal Rule of Civil Procedure 11(b)(3) requires counsel to have evidentiary support for factual contentions. In other words, it is not appropriate to assert that there is no genuine issue over any material facts, when the record clearly reveals that there are considerable and significant factual disputes. The Court cannot grant summary judgment on Jeancharles's substantive claims.

### 3. Augustus's And Gibbons's Assertion Of Qualified Immunity As To Jeancharles's Claims

Augustus and Gibbons are not entitled to qualified immunity at this time because there are significant factual disputes as to whether the Officers had probable cause (or reasonable suspicion) to stop, handcuff, and search Jeancharles. Augustus and Gibbons have asserted that they were engaged in discretionary acts when they stopped and searched Jeancharles. Upon that assertion, the burden now shifts to Jeancharles to show that the Officers violated a clearly established constitutional right. *See Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009). Jeancharles contends that the Officers violated his Fourth Amendment rights when they seized and searched him without having any reasonable suspicion of criminal conduct. The law is clearly established that, in the absence of reasonable suspicion of criminal conduct, a police officer who detains a person to determine his

identity violates the person's Fourth Amendment right to be free from unlawful seizures. *Brown v. Texas*, 443 U.S. 47, 52 (1979). So the qualified-immunity issue turns on whether the Officers could have reasonably suspected Jeancharles of criminal conduct when they seized and searched him.

The Officers argue that they had probable cause to seize and search Jeancharles. (Mot. Summ. J. 12, ECF No. 45.) According to the Officers, Jeancharles was acting belligerent, being loud and obnoxious, and engaging in a standoff with Gibbons. They contend that he refused to cooperate with Augustus. According to the Officers, they asked the group of friends if any of them had any firearms; two of the individuals responded no, but Jeancharles first refused to answer, and later responded that it was none of the Officers' business. (Defs.' Stmt. Facts ¶65–66, ECF No. 44.) The Officers argue that the facts that support their assertion of probable cause include: (1) that Jeancharles was involved "in a standoff with Gibbons," (2) that when asked for identification, Jeancharles "refused to cooperate." (*Id.*) But Jeancharles disputes all of these facts.

According to Jeancharles, he was sitting against a wall with several other friends, waiting to see if the police were going to release Andre or arrest him. (Jeancharles Dep. 28:12–29:4 , ECF No. 88-1.) Gibbons approached him and asked him for his military identification. Jeancharles explained that he was not permitted to surrender his military identification, but offered Gibbons his Florida driver's license. (*Id.* at 33:10–34:3.) Later Gibbons and Augustus approached him again. They told him "give me your military ID right now or I'm going to arrest you." (*Id.* at 35:12–17.) He surrendered his military identification at that time. (*Id.*) Then Gibbons and Augustus questioned him about his military supervisor's telephone number. (*Id.* at 35:20–36:6.) Jeancharles explained that his military supervisor's telephone number was on his military issued mobile telephone, but that he did not have that telephone on him. (*Id.* at 36:7–18.) The Officers then handcuffed him, and seized his wallet and mobile telephone. (*Id.* at 36:20–37:4.) The Officers demanded his mobile phone password, and then searched the contents of the phone. (*Id.* 37:11–21.) After being handcuffed on the ground for about an hour, Augustus said "okay, he has had enough attention" and the Officers released the handcuffs. (*Id.* at 40:10–25.) Neither Augustus nor Gibbons ever asked Jeancharles if he had any weapons on him or in his car. (*Id.* at 46:8–48:10.)

When genuine disputes exist over material facts that are necessary to determine whether probable cause existed, a court may not grant summary judgment on an officer's qualified-immunity defense. *Herren v. Bowyer*, 850 F.2d 1543, 1547 (11th Cir. 1988). Considering the facts in the light most favorable to Jeancharles, and based on the arguments presented by the

Officers, Augustus and Gibbons lacked a reasonable suspicion that Jeancharles had engaged in, or was about to engage in, any criminal conduct. Consequently, the Court may not grant summary judgment on the Officers' qualified-immunity defense as to Jeancharles's claims.

### 4. Conclusion

The Court **denies** the Officers' summary-judgment motion (ECF No. 45). The Court **grants in part and denies in part** Andre's Motion for Partial Summary Judgment (ECF No. 47), and enters judgment in favor of Andre and against Gibbons and the City of Hollywood *solely* on the probable-cause affirmative defense regarding Gibbons's alternative reason for Andre's arrest (*i.e.*, violation of Florida statue section 790.06(12)(a)(12)). This judgment relates to Andre's state-law claims for false arrest (counts 1 and 2 of the First Amended Complaint).

**Done and ordered**, in chambers at Miami, Florida, on September 26, 2014.

Robert N. Scola, Jr.
United States District Judge